```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

FINANCIAL RESOURCES NETWORK, INC.,
FINANCIAL FAMILY HOLDINGS LLC,
ROSALIND HERMAN and GREGG D. CAPLITZ,
     Plaintiffs,


          v.                              CIVIL ACTION NO.
                                          09-11315-MBB

BROWN & BROWN, INC., BROWN & BROWN OF
CALIFORNIA, INC., AMERICAN GUARANTEE
AND LIABILITY INSURANCE COMPANY, ZURICH
NORTH AMERICA COMPANY and CALSURANCE,
     Defendants.
```

**MEMORANDUM AND ORDER RE:
DEFENDANTS' MOTION FOR RECONSIDERATION OF THE
COURT'S DENIAL OF THEIR RENEWED MOTION FOR SUMMARY
JUDGMENT AS TO COUNTS III, IV, V AND VI OF THE
PLAINTIFFS' FIRST AMENDED COMPLAINT
(DOCKET ENTRY # 111)**

**June 13, 2012**

**BOWLER, U.S.M.J.**

In November 2010, this court allowed in part and denied in part summary judgment motions filed by defendants American Guarantee and Liability Insurance Company ("American Guarantee"), Zurich North America Company ("Zurich North"), Brown & Brown, Inc. ("B&B"), Brown & Brown of California ("BBC") and Calsurance (collectively "defendants"). (Docket Entry # 72). The ruling left the following counts remaining in this action: (1) breach of contract by estoppel against B&B, BBC and Calsurance (Count I); (2) breach of an express errors and omissions liability policy for the 2003-2004 and/or the 2004-2005 policy period

against Zurich North and American Guarantee with respect to a failure to defend and indemnify plaintiffs Financial Resources Network, Inc. and Rosalind Herman and Gregg D. Caplitz ("Caplitz") against a cross claim filed by Rudy K. Meiselman, M.D. in a 2004 civil action (Count II); (3) breach of an oral contract for insurance against Zurich North and American Guarantee (Count III); (4) breach of an implied in fact contract for insurance against Zurich North and American Guarantee (Count IV); (5) breach of contract by estoppel against Zurich North and American Guarantee (Count V); and (6) breach of the implied covenant of good faith and fair dealing against defendants (Count VI).

On July 29, 2011, the deadline for filing dispositive motions, defendants filed a renewed summary judgment "on all remaining claims in this case" (Docket Entry # 86, p. 25), in other words, counts I through VI.  They did not, however, provide any legal authority to support summary judgment on the causes of action in counts I, III, IV, V or VI except with respect to a damages argument.  In particular, they did not articulate the elements of the causes of action for breach of an oral contract, breach of an implied in fact contract, breach of the implied covenant of good faith and fair dealing and estoppel.[1]  Defendants

---

[1] These are *different* causes of action with different elements than the cause of action for breach of an express contract for insurance.  See generally LiDonni, Inc. v. Hart, 246

therefore failed to point to the absence of facts to support an essential element with respect to any one of these claims.  As a result, in a March 2012 Memorandum and Order, this court concluded that defendants failed to adequately develop the arguments with respect to counts I, III, IV, V and VI and denied summary judgment in light of defendants' waiver.  (Docket Entry # 107, n.8).  In the same Memorandum and Order, this court denied plaintiffs' summary judgment motions filed in September 2010 as untimely and allowed defendants' renewed motion for summary judgment on Count II.

On April 3, 2012, defendants filed a motion to extend the July 29, 2011 dispositive motion deadline.  Plaintiffs objected on the basis that this court denied plaintiffs' summary judgment motion as untimely.  On April 6, 2012, this court denied the motion for an extension.

Thereafter, defendants filed the pending motion to reconsider the Memorandum and Order denying summary judgment on

---

N.E.2d 446, 449 (Mass. 1969) ("In the absence of an express agreement, a contract implied in fact may be found to exist from the conduct and relations of the parties"); Restatement (Second) of Contracts § 4, comments a & b (1979) (distinguishing express and implied contracts from quasi-contracts, also denominated contracts implied in law).  The memorandum in support of reconsideration continues defendants' misconception that summary judgment on Count II eliminates the remaining causes of action. For example, an oral contract for insurance may have different terms than an express policy such that Caplitz may not need to, as argued by defendants, show "he complied with terms and conditions of the E&O Policies" (Docket Entry # 112).  This court expresses no opinion on the merits of such an argument.

counts I, III, IV, V and VI.[2] (Docket Entry # 111). Plaintiffs contend that defendants fail to show an adequate basis for reconsideration.[3] (Docket Entry 113).

## DISCUSSION

As an interlocutory ruling, this court has the discretion to reconsider the summary judgment ruling. See Geffon v. Micrion Corporation, 249 F.3d 29, 38 (1st Cir. 2001); see In Re Villa Marina Yacht Harbor, Inc., 984 F.2d 546, 548 (1st Cir. 1993) (court's inherent power is rooted in the equitable power to "process litigation to a just and equitable conclusion"); see generally Ellis v. United States, 313 F.3d 636, 646-648 (1st Cir. 2002). To succeed on a motion for reconsideration, "'the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering

---

[2] Although defendants caption the motion as seeking reconsideration of counts III, IV, V and VI, the body of the motion clarifies that they also seek reconsideration with respect to Count I. (Docket Entry # 111).

[3] Plaintiffs quote a recent First Circuit opinion which explains that:

> Reconsideration may be proper where the movant shows a manifest error of law or newly discovered evidence, or where the district court has misunderstood a party or made an error of apprehension. See Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81–82 (1st Cir. 2008). Motions for reconsideration are not to be used as a vehicle for a party to advance arguments that could and should have been presented to the district court prior to its original ruling.

Villanueva v. U.S., 662 F.3d 124, 128 (1st Cir. 2011).

court committed a manifest error of law.'" Mulero-Abreu v. Puerto Rico Police Dept., 675 F.3d 88, 94 (1st Cir. 2012); accord Ellis v. U.S., 313 F.3d at 648 (reconsideration "warranted if there has been a material change in controlling law" or "newly discovered evidence bears on the question"). The existence of a manifest injustice also provides a basis for reconsideration. Ellis v. U.S., 313 F.3d at 648. The manifest injustice exception "requires a definite and firm conviction that a prior ruling on a material matter is unreasonable or obviously wrong." Id.

Although the standard is high, plaintiffs only conditionally oppose defendants' motion for reconsideration. (Docket Entry # 113) ("plaintiffs conditionally oppose the defendants' motion for reconsideration"). In particular, if this court allows reconsideration, "plaintiffs request additional time to submit a memo in opposition to summary judgment and respectfully request that the Court permit the plaintiffs to file their own motion for summary judgment." (Docket Entry # 113).

In light of plaintiffs' failure to oppose reconsideration if afforded an opportunity to file their own summary judgment motion, this court will allow defendants an opportunity to file a summary judgment motion on the remaining causes of action. Plaintiffs may also file a summary judgment motion on the remaining causes of action. Both summary judgment motions shall be filed on or before July 17, 2012, and limited to 20 pages,

double spaced in 12 point type.  See LR. 7.1(b)(4).  The 12 point type applies to footnotes.  Statements of undisputed facts in accordance with LR. 56.1 shall be no more than ten pages, double spaced in 12 point type.  Oppositions shall be filed on or before July 31, 2012, limited to ten pages, double spaced in 12 point type.  There shall be no reply briefs and no incorporation by reference of arguments or facts made in previous filings.

## CONCLUSION

In accordance with the foregoing discussion, the motion for reconsideration (Docket Entry # 111) is **ALLOWED** only to the extent that defendants and plaintiffs may each file one summary judgment motion subject to the above parameters.

                                           /s/ Marianne B. Bowler
                                        **MARIANNE B. BOWLER**
                                        United States Magistrate Judge